UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, INC.<br>700 2nd Street NE<br>Washington, DC 20002<br><br>       *Plaintiff*,<br><br>   *vs.*<br><br>SCIENCELAB.COM, INC.<br>14025 Smith Road<br>Humble, Texas 77396<br><br>       *Defendant.* | Civil Action No.<br>_____ |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION AND FALSE DESIGNATION OF ORIGIN, AND COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**

Plaintiff, AMERICAN CHEMISTRY COUNCIL, INC. ("Plaintiff"), by and through counsel, brings this action against SCIENCELAB.COM, INC. ("Defendant") seeking appropriate relief under the Federal Trademark Statute and other causes of action. In support of its claims, Plaintiff states as follows:

**PARTIES**

1.    Plaintiff is a corporation formed under the laws of New York and has a principal place of business at 700 2nd Street NE, Washington, DC 20002.

1

2. On information and belief, Defendant is a corporation formed under the laws of Texas and has a principal place of business at 14025 Smith Road, Humble, Texas 77396.

## JURISDICTION AND VENUE

3. This action arises, in part, under the Trademark Act of 1946 (as amended) 15 U.S.C. § 1051, *et seq*. This Court has jurisdiction over Counts I and II of this action pursuant to 15 U.S.C. §§ 1114, 1121, 1125(a) and 28 U.S.C. §§ 1331 and 1338(a), supplemental jurisdiction over the claims alleged in Count III pursuant to 28 U.S.C. § 1338(b). Venue is predicated on 28 U.S.C. § 1391 (b) and (c).

4. On information and belief, Defendant transacts business and is found within the District of Columbia and is within the jurisdiction of this Court for purpose of service. The unlawful acts committed by the Defendant, as hereinafter alleged, have been and are, in part, carried out and made effective within this District and the damage to Plaintiff complained of herein has, in part, knowingly been perpetrated by Defendant within this District. The interstate trade and commerce described hereinafter is carried out in part within this District.

## NATURE OF PLAINTIFF'S RIGHTS

5. Plaintiff is a well-known industry trade association that promotes the interests of companies engaged in the business of chemistry.

6. In addition to its trade association services, Plaintiff provides information resources and solutions related to hazardous materials and dangerous goods under the service mark CHEMTREC.

7. Plaintiff is the owner of United States Trademark Registration Number 3,802,365 for the CHEMTREC mark, which was registered on June 15, 2010, for the following services: providing information and consultation in the fields of hazardous waste disposal services, transportation of chemicals, handling and disposal of waste in both emergency and non-emergency situations, and emergency response for communities.

8. Plaintiff commenced use of the CHEMTREC mark in commerce in the United States on or before June 30, 2000.

9. Plaintiff is also the owner of United States Trademark Registration Number 4,033,943 for the mark CHEMTREC THE RIGHT INFORMATION AT THE RIGHT TIME, which was registered on October 4, 2011, for the same services enumerated in Paragraph 7.

10. Plaintiff commenced use of the CHEMTREC THE RIGHT INFORMATION AT THE RIGHT TIME mark in commerce in the United States on or before October 27, 2010.

11. The CHEMTREC and CHEMTREC THE RIGHT INFORMATION AT THE RIGHT TIME marks (hereinafter the "CHEMTREC Marks") have been used continuously in commerce since their respective first use dates.

12. The federal registrations for the CHEMTREC Marks remain valid and subsisting.

13. Since it adopted the CHEMTREC Marks, Plaintiff has spent considerable time, effort and money in promoting its services provided under the CHEMTREC Marks. As a result, the CHEMTREC Marks have become a valuable symbol of Plaintiff's goodwill.

14. For an annual fee, shippers of hazardous material are able to register with Plaintiff to receive the services Plaintiff provides under the CHEMTREC Marks. The benefits of registration are stated on Plaintiff's website [www.chemtrec.com](www.chemtrec.com) as follows:

> [R]egistration with CHEMTREC authorizes shippers of hazardous materials the right to portray the CHEMTREC phone number(s) on their shipping documents, Safety Data Sheets (SDS) and hazard communications labels. The portrayal of the CHEMTREC phone number(s) helps registrants to comply with government regulations, such as the U.S. Department of Transportation regulation 49 C.F.R. § 172.604, which requires shippers of hazardous materials to provide a 24-hour emergency telephone number on shipping documents for use in the event of an emergency involving hazardous materials.

15. Thus, an important value to registrants is the use of Plaintiff's CHEMTREC Marks and associated telephone numbers.

16. In order to emphasize the importance of its trademark rights in the CHEMTREC Marks, Plaintiff further provides on its website: "[o]nly companies registered with CHEMTREC are authorized to use the CHEMTREC emergency telephone number on their shipping documents and SDS".

## DEFENDANTS' KNOWN ACTS

17. On information and belief, Defendant is a supplier of chemicals, laboratory equipment and science educational products, and has sold its products to customers located in the District of Columbia.

18. In or about July 2003, Defendant registered with Plaintiff in order to receive Plaintiff's services provided under the CHEMTREC Marks.

19. By and through this registration, Defendant was permitted to display the CHEMTREC Marks and associated phone numbers on its shipping documents and Safety Data Sheets.

20. Defendant's registration was renewable on an annual basis.

21. After many years of late or no payments, Plaintiff terminated Defendant's account in 2011.

22. Despite Plaintiff terminating Defendant's account, Defendant continued to display the CHEMTREC Marks and CHEMTREC telephone numbers on its Safety Data Sheets without Plaintiff's consent. In particular, Defendant's Safety Data Sheets contain the following wording: "**CHEMTREC (24hr**

**Emergency Telephone), call:** 1-800-424-9300, **International CHEMTREC**, call: 1-703-527-3887". A copy of a Safety Data Sheet, dated May 21, 2013, evidencing Defendant's impermissible use of the CHEMTREC Marks are attached hereto as **Exhibit 1**.

23. After becoming aware of Defendant's impermissible use, Plaintiff demanded that Defendant cease use of the CHEMTREC Marks and telephone numbers in communications sent to Defendant in July, August, and September of 2013.

24. Defendant did not respond to any of Plaintiff's communications.

25. Plaintiff then retained the undersigned counsel, who again demanded that Defendant cease use of the CHEMTREC Marks in communications sent to Defendant on October 2, 2013, and November 13, 2013.

26. To date, Defendant has not responded to any communications regarding its impermissible use of the CHEMTREC Marks.

27. Despite having been put on notice several times regarding its infringing conduct, Defendant continues to use the CHEMTREC Marks and telephone numbers in interstate commerce that may be, and is, regulated by acts of Congress.

28. Defendant's continued use of the CHEMTREC Marks and telephone numbers in commerce on its Safety Data Sheets is in flagrant disregard of the clear

trademark rights of Plaintiff in and to its CHEMTREC Marks and will cause members of the relevant purchasing public to be confused, deceived or mistaken as to the origin, source or sponsorship of the goods and/or services of Defendant, all to the damage and injury of Plaintiff and the business it conducts under the CHEMTREC Marks.

29. Continued use of the CHEMTREC Marks and CHEMTREC telephone numbers in commerce by Defendant will lead consumers to believe, falsely, that the services of Defendant are licensed, sponsored, franchised, approved or in some way connected or affiliated with Plaintiff.

30. Any defect, complaint, fault or adverse publicity in connection with Defendant's goods and/or services offered in conjunction with the CHEMTREC Marks and telephone numbers will necessarily reflect adversely on Plaintiff and seriously injure the reputation which Plaintiff has established in the field of its services.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

31. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 30, inclusive, above.

32. Defendants' continued use of the CHEMTREC Marks and telephone numbers is likely to cause confusion, mistake or deception among members of the

relevant consuming public and constitutes direct infringement of Plaintiff's federal trademark rights, in violation of 15 U.S.C. § 1114.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

## COUNT II

## FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION AND FALSE DESIGNATION OF ORIGIN

33. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 30, inclusive, above.

34. On information and belief, Defendant's use of the CHEMTREC Marks and telephone numbers actually deceives and/or tends to deceive the public into believing, falsely, that either Defendant's goods and/or services are those of, sponsored or approved by, or in some way associated with Plaintiff, all to the great injury of Plaintiff's trade and goodwill and to the injury of the public. The aforesaid acts constitute federal unfair competition in the form of false representation, and false designation of origin in interstate commerce, all in violation of 15 U.S.C. §1125(a)

**WHEREFORE,** Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

#26777621_v2

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 30, inclusive, above.

36. This court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1338(b).

37. The aforesaid acts of Defendant constitute common law trademark infringement and unfair competition under the laws of the District of Columbia and are likely to cause confusion, deception and mistake among members of the consuming public and the trade as to the source of services offered by Defendant, to the irreparable injury of Plaintiff, including injury to its reputation.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands relief as follows:

(1) That Defendant and its officers, directors, agents, owners, employees and attorneys and all persons acting under, by or in concert with them or any of them found to have committed acts of infringement or unfair competition against

Plaintiff in relation to Plaintiff's CHEMTREC Marks be forthwith permanently enjoined and restrained from:

 (A) using the word, term, name and designation CHEMTREC, or any designation confusingly similar to Plaintiff's CHEMTREC Marks, as a trademark, service mark or trade name, or otherwise marketing, advertising, or identifying Defendant's goods and/or services by use of the word, term, name and designation CHEMTREC, including use thereof on or in connection with any Safety Data Sheets, whether provided on a website, in printed form or otherwise;

 (B) making any statement or representation whatsoever, or using any false designation of origin or false description or performing any act which is likely to lead the trade or public, or individual members thereof, to believe that the goods and/or services offered by Defendant are in any manner associated or connected with Plaintiff, or are sponsored or approved by Plaintiff, including use of telephone numbers associated with Plaintiff's business conducted under and by reference to the CHEMTREC Marks;

 (C) otherwise infringing or diluting Plaintiff's CHEMTREC Marks;

 (D) unfairly competing with Plaintiff in any manner whatsoever, including use of any indicia likely to be associated with Plaintiff, such as telephone numbers associated with Plaintiff's business conducted under and by reference to the CHEMTREC Marks.

(2) That Defendant be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction requested in Paragraph (1) above, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with, and will continue to comply with, the injunction.

(3) That Defendant be required to deliver up for destruction all shipping documents, Safety Data Sheets, invoices, literature, promotional material, advertising, signage and other material bearing the word, term, name and designation CHEMTREC or the CHEMTREC telephone numbers, or any other words or designations so similar to Plaintiff's CHEMTREC Marks as to be likely to be confusing or deceptive to the consuming public or that will dilute the distinctive quality of Plaintiff's CHEMTREC Marks, together with all means of making the same.

(4) That Plaintiff be awarded damages suffered as a result of the unlawful acts of Defendant, in an amount to be determined by the Court.

(5) That Plaintiff be awarded Defendant's profits after an accounting.

(6) That Plaintiff be awarded enhanced damages in an amount to be determined by the Court pursuant to the provisions of 15 U.S.C. §1117(b)

(7) In that the acts of the Defendant constitute counterfeiting of Plaintiff's CHEMTREC mark, that, in lieu of actual damages, the Plaintiff be awarded the

sum of $2,000,000, or such other amount of statutory damages as the Court sees fit, pursuant to the provisions of 15 U.S.C. §1117(c).

(8) That Plaintiff recover its costs in the suit and its attorneys' fee pursuant to the provisions of 15 U.S.C. §1117(b).

(9) That Plaintiff have such other and further relief as the Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: December 6, 2013

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Counsel for Plaintiff*
800 17th Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564

By: /s/ Paul Kilmer
Paul F. Kilmer (DC Bar 331835)
paul.kilmer@hklaw.com

Thomas W. Brooke (DC Bar 430636)
thomas.brooke@hklaw.com